UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE MITCHAM

     Plaintiff,

v.                                                                    Case No. 8:13-cv-1645-T-17TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

     Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation ("R&R") Magistrate Judge Thomas G. Wilson issued on August 14, 2015. (Doc. # 42). Magistrate Judge Wilson, after conducting a hearing on July 2, 2015, to entertain oral argument on the issues presented for consideration in the R&R, recommended: 1) granting Defendant's Motion for Award of Attorneys' Fees incurred after Plaintiff's deposition; 2) granting Defendant's Motion to Tax Costs with Verified Bill of Costs in the amount of $4,006.35; and 3) denying Defendant's Motion for Sanctions. (Doc. # 42). Plaintiff objected to the recommended award of attorneys' fees, but did not object to the award of costs. (Doc. # 45). Defendant failed to timely object, but responded to Plaintiff's objection. (Doc. # 46). For the reasons that follow, the Court **ADOPTS** the R&R.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667 (1980);

Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. Gropp v. United Airlines, Inc., 817 F.Supp. 1558, 1562 (M.D. Fla. 1993). While Defendant argues Plaintiff's objections were vague and unspecific, (Doc. # 46 at 4), the Court chooses to apply the de novo review standard, rather than the clearly erroneous standard.

## DISCUSSION

Plaintiff's sole objection to the R&R is the award of attorneys' fees, and Defendant failed to timely object to the denial of sanctions; therefore, this Court will solely review the recommended award of attorneys' fees.

The Court has reviewed the R&R and made an independent review of the record as both relate to the award of attorneys' fees. Plaintiff bases her objection on the reluctance of courts to award attorney's fees in Title VII cases, and a contention that the totality of the evidence fails to demonstrate Plaintiff's claims were objectively frivolous because she established a prima facie case which was ultimately decided on summary judgment. (Doc. # 45 at 6–7). Defendant responds, arguing Plaintiff's objections were general objections and arguments advanced in her original motion without specific application to the R&R, the majority of which were "lifted verbatim from Plaintiff's Response in Opposition to Defendant's Motion for Attorney's Fees." (Doc. # 45 at 4, n.3).

Upon independent review of the record, the Court agrees with Judge Wilson's sound reasoning that Plaintiff had from the onset some justified reliance on the United States Equal Employment Opportunity Committee's (the "EEOC") representation that

Plaintiff's cause of action fell within time constraints, and therefore the lack of timeliness should not become the basis for awarding attorneys' fees.  (Doc. # 42 at 12).

The Court finds equally sound Judge Wilson's analysis concerning attorneys' fees incurred after Plaintiff's deposition testimony.  (Doc. # 42 at 12–14).  Plaintiff argues "the Magistrate fell for the trap/temptation of assessing/judging the issue of attorney's fees relative to Plaintiff based on the argument that Plaintiff actually did make; [sic] as opposed to the arguments that Plaintiff could have made[,]" and this reasoning violates the hindsight logic disapproved of in <u>Cordoba v. Dillard's, Inc.</u>, 419 F.3d 1169 (11th Cir. 2005).  Plaintiff further argues the Court's "seventeen typewritten pages long" order granting summary judgment "reveal[s] that the court [sic], while ultimately ejecting [sic] each of Plaintiff's arguments, gave them thorough and serious consideration[,]" and that because the "claim received careful consideration by the district court mat [sic] properly taken [sic] into account in determining whether the claim was frivolous."  (Doc. # 45 at 8–9).  These arguments are without merit, and appear to be the crux of Plaintiff's objection.  All courts of the United States of America are entrusted to afford thorough and serious consideration to any and all matters and controversies which come before each respective court, otherwise due process is devoid and a fictitious concept.

In opposition of the R&R, Plaintiff further argues she "reasonably speculated that she was terminated on the basis of her gender and race[,]" through the proffer of "a sworn affidavit from a doctorial coworker supporting [Plaintiff's] perception of irregularities in Defendant's tenure considerations as relates [sic] specifically to Plaintiff."  (Doc. # 45 at 8).  Plaintiff fails, however, to address her direct and unambiguous deposition testimony wherein she "acknowledged a lack of evidence of a discriminatory or retaliatory animus

on the part of [Defendant and its administrators]." (Doc. # 42 at 14).  Rather, Plaintiff generically recites case law without specific application to the facts or justification of her pursuing the case after the detrimental deposition testimony.

For the purposes of summary judgment, this Court "assume[d], arguendo, that Plaintiff [] established a prima facie case of disparate treatment, based on the denial of her application for tenure and promotion." (Doc. # 31 at 10) (emphasis in original).  To determine whether a cause of action is frivolous, the Court must assess three factors: 1) whether Plaintiff established a prima facie case; 2) whether Defendant offered to settle; and 3) whether the Court dismissed the case prior to trial or held a trial on the merits. Bruce v. City of Gainesville, Ga., 177 F.3d 949 (11th Cir. 1999).  Even assuming, arguendo, Plaintiff established a prima facie case, Defendant prevailed via dispositive motions practice without offering settlement, based substantially on Plaintiff's own statements made under oath at her deposition.  When the person accusing a party of discrimination testifies, as Plaintiff did at her deposition, the frivolity of further pursuing the cause of action becomes readily apparent.  Plaintiff had no justification to pursue this cause after her deposition, and has not persuaded the Court otherwise with her opposition to Defendant's request for attorneys' fees or objections to the R&R.

Accordingly, it is **ORDERED** that the Report and Recommendation, (Doc. # 42), is **ADOPTED** and **INCORPORATED BY REFERENCE**.  Defendant's Motion for Award of Attorneys' Fees, (Doc. # 33), is **GRANTED** to the extent Defendant incurred attorneys' fees after Plaintiff was deposed and to the conclusion of litigation in this case; Defendant's Motion to Tax Costs with Verified Bill of Costs, (Doc. # 34), is **GRANTED**; Defendant's Motion for Sanctions is **DENIED**.

The parties are **DIRECTED** to discuss and attempt to settle the attorneys' fees dispute; however, absent resolution of the issue, Defendant may file with the Court a detailed itemization of its claim for fees on or before October 30, 2015, and Plaintiff may file responsive objections.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this ⁄5⁷day of September, 2015.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All parties and counsel of record
              Assigned Magistrate Judge